*EX PARTE* MURDAUGH *IN RE* MAYFIELD v. MURDAUGH.

1. MASTER.—PETITION AND RULE TO SHOW CAUSE is proper proceeding against master to require him to pay to party money, ordered by Court to be paid him.

2. CAUSE OF ACTION.—MASTER paying away funds to wrong party is liable to party to whom it was ordered to be paid, and such party has no cause of action for such amount against parties to whom it was wrongly paid.

Before BENET, J., Barnwell, April, 1899. Reversed.

Petition by J. A. Murdaugh *in re* S. G. Mayfield against N. P. Murdaugh, to require master to pay to him funds wrongly paid another. From order dismissing petition, petitioner appeals.

*Messrs. Izlar Bros.,* for appellant, cite: Rev. Stat., 766; 19 S. C., 508; 13 S. C., 376.

*Mr. Robert Aldrich,* contra, for master, cites: Gen. Stat., 786; 16 S. C., 278; 1 Hill, 145.

July 20, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. In the action of Mayfield *v.* Murdaugh, Judge Benet passed a decree on the 1st day of August, 1896, providing for the sale of a tract of land in Barnwell County, S. C.; and that the master of that county, A. Howard Patterson, Esq., should make such sale and pay out the proceeds thereof to certain parties named in the decree; but on the 5th day of August, 1896, Judge Benet, on the petition of J. A. Murdaugh, who was the owner of one-sixth part of the tract of land, and who through some mistake had not been made a party to the action of Mayfield *v.* Murdaugh, amended his decree so as to allow the petitioner, J. A. Murdaugh, his one-sixth part of the proceeds of sale of the tract of land. This amended decree was marked filed by the county clerk in the office of the Clerk of the Court of Common Pleas for Barnwell County, and was thereafter placed in the record of the case of Mayfield *v.* Murdaugh; but no reference thereto appears on the file book and common pleas journal in the clerk's office of the Court of Common Pleas for Barnwell County, and was never called directly to the attention of A. Howard Patterson, Esq., as master of Barnwell County, until after the sale by him, and the payment by him of the proceeds of such sale to the parties entitled thereto under the original decree of Judge Benet of 1st August, 1896. The share of the petitioner, J. A. Murdaugh, in the proceeds of sales was

$140.43. Under this state of facts, J. A. Murdaugh applied to Mr. Patterson, as master, to pay him $140.43; but to this Mr. Patterson insisted that the money had been paid away, and without any fault of his, and also that said master offered to assist J. A. Murdaugh in any way he could to recover from the parties to whom this money had been paid, this $140.43. The result was that J. A. Murdaugh, by petition setting out all the facts, prayed the Court to issue a rule against Mr. Patterson, as master, requiring him to show cause why he does not pay this $140.43 to J. A. Murdaugh. Judge Benet issued this rule, and Mr. Patterson, as master, made his return, by which among other things he said he did not know of the amended decree until about five months after he had paid out the money; that the payment made by him, as master, exhausted all the funds in his hands in that action; that the petitioner had no right to demand payment of him, the master. Judge Benet heard the return, and after a little while he dismissed the petition—discharging the rule. The petitioner, J. A. Murdaugh, now appeals to this Court.

The third exception cannot be sustained, because there is nothing in the order of Judge Benet, appearing in the case for appeal, which suggests that Judge Benet held that the proceedings by petition and order to show cause were not proper proceedings to collect whatever funds the master ought to have had belonging to J. A. Murdaugh, under his own decree.

We will next consider the first and second exceptions together. They are as follows: "1. That his Honor erred, it is respectfully submitted, in holding the return of the master sufficient, and ordering the rule discharged, when the uncontradicted facts show that he paid out the money in his hands belonging to the petitioner in violation of the order of the Court. 2. That his Honor erred, it is respectfully submitted, in not holding the return of the master insufficient, and in not ordering the master to pay over to the petitioner the sum of money belonging to him, in compliance with the terms of the supplemental order." It can-

not be denied that under the statements contained in the "Case for appeal," J. A. Murdaugh, *under the decree* pronounced in the case of Mayfield against N. P. Murdaugh, was entitled to $140.43 of the proceeds arising from the sale of land made in pursuance of that decree, and that by law, A. Howard Patterson, Esq., as master of Barnwell County, was the legal holder of said funds until the parties entitled thereto under said decree should receive the same from him. It is equally certain that J. A. Murdaugh has not received one cent of such portion to which he was entitled. Until that money is paid, against whom has J. A. Murdaugh a cause of action for his money? Certainly not against persons to whom Mr. Patterson has paid J. A. Murdaugh's money—there is no ligament connecting them. No, it is against the master, the petitioner, J. A. Murdaugh, has his action. The master has his action against all the parties to whom he has accidentally paid J. A. Murdaugh's money. This being our view, we are obliged to sustain these exceptions.

The motion to dismiss the appeal in this case was heard along with the case and was dismissed for the reasons orally stated at the hearing.

It is the judgment of this Court, that the judgment, or rather the order, of the Circuit Court here appealed from be reversed, and that the action be remanded to the Circuit Court, that an order may be made directing A. Howard Patterson to pay to the petitioner, J. A. Murdaugh, the sum of $140.43.

MR. JUSTICE GARY *dissents.*